## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT CARVER, and <br> LINDA CARVER, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:17-cv-00433-WES-LDA |

## DEFENDANT JPMORGAN CHASE BANK, N.A.'S  MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant JPMorgan Chase Bank, N.A. ("Chase") respectfully  submits this Memorandum of Law in Support of its Motion to Dismiss the Complaint.  Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Complaint should be dismissed where (1) plaintiffs Robert Carver and Linda Carver ("Plaintiffs") lack standing to bring a claim where they fail to demonstrate any cognizable injury-in-fact; (2) Plaintiffs fail to allege facts which, if true, would establish a *prima facie* case for breach of contract or breach of the covenant of good faith and fair dealing; and (3) Plaintiffs' request for injunctive relief has been rendered moot.

## I.      INTRODUCTION

It is undisputed that the Plaintiffs are in default on a promissory note and mortgage they executed in favor of Chase.  To prevent Chase from exercising its right to foreclose, Plaintiffs set forth a hyper-technical claim that Chase breached the mortgage contract by mailing certain notices to their attorney.  Plaintiffs contend Chase breached both the mortgage contract and the covenant of

1

good faith and fair dealing, and violated Rhode Island law.[1]   Plaintiffs also seek to enjoin Chase from conducting a non-judicial foreclosure sale on this same strained legal basis.  The facts alleged in the Complaint fail to set forth any plausible scenario where Chase breached a contract, violated a covenant, or broke a law.  Put simply, Plaintiffs fail to establish any colorable claim entitling them to relief.  Further, Plaintiffs suffered no harm as a result of Chase's alleged actions.  Accordingly, Chase is entitled to a dismissal of this action with prejudice.

## II.      FACTUAL BACKGROUND

Giving the Complaint a generous reading and construing it in the light most favorable to the Plaintiffs, Chase briefly sets forth the following facts and, for the purposes of this motion only, accepts them as true.  The facts are derived from the pleadings or documents referenced in the pleadings.[2]

On or about August 25, 1997, Plaintiffs executed a promissory note (the "Note") in favor of Chase Manhattan Mortgage Corporation for the amount of $102,459.00.  *See Note*, attached hereto as **Exhibit A**.   To secure the Note, Plaintiffs also gave a mortgage (the "Mortgage") to Chase Manhattan Mortgage Corporation on the real property located at 15 South River Drive, Narragansett, Rhode Island 02882.  *See Complaint* at "Exhibit A."  Chase is now the holder of the Note and the Mortgage.  *Complaint* at ¶ 4.

Paragraph 22 of the Mortgage states that:

---

[1] Although not relevant to this Motion, Chase disputes the fact that notices were not mailed to Plaintiffs' home address. Should this matter proceed past the motion to dismiss stage, Chase will produce evidence proving that (i) Plaintiffs requested correspondence be directed to their attorney, and (ii) such notices were indeed mailed to Plaintiffs through the U.S. Postal Service.

[2] Defendants properly reference documents discussed or referred to in the Complaint.  *See Watterson v. Page*, 987 F.2d, 3-4 (1st Cir. 1993) (court may look to documents central to the plaintiff's claim and referenced in the complaint whose authenticity is not disputed); *see also Banco Santander de P.R. v. Lopez-Stubbe* (*In re Colonial Mortg. Bankers Corp.*), 324 F.3d 12, 19 (1st Cir. 2003) ("[M]atters of public record are fair game in adjudicating Rule 12(b)(6) motions, and court's reference to such matters does not convert a motion to dismiss into a motion for summary judgment.").

3387888.1

NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:
  22.   Acceleration Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date this notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
  If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Paragraph 14. Lender shall publish notice of sale, and the Property shall be sold in a manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument and (c) any excess to the person or persons legally entitled to it.

Plaintiffs are in default of the Note and Mortgage.  *Complaint* at ¶ 48.  Chase mailed an acceleration warning to Plaintiffs, care of their attorney, on or about April 12, 2016.  *Complaint* at ¶ 11, "Exhibit C."  Chase also mailed a mediation notice as required by R.I.G.L. 34-27-3.2, to Plaintiffs' attorney.  *Complaint* at ¶ 17, 19.  A mediation coordinator for the Rhode Island Housing Court issued a certificate indicating that "[a]fter two attempts by the Agency to contact [Plaintiffs], the [Plaintiffs] failed to respond to the request . . . to appear for the Mediation Conference or otherwise participate in the Mediation Conference."  *Certificate of Compliance with Mediation Requirement*, attached hereto as **Exhibit B**.

Chase subsequently scheduled a foreclosure sale to occur on October 20, 2016.  *First Action Complaint*, attached hereto as **Exhibit C**.  Plaintiffs then filed suit against Chase in the Providence County Superior Court in an action captioned *Carver, et al. v. JPMorgan Chase Bank, N.A.*, PC-2016-4854 (the "First Action").  *Id.*  The Complaint in the First Action is nearly identical to the Complaint operative to the instant matter.  *Id.*  After Chase filed a motion to dismiss the First Action, the Plaintiffs agreed to dismiss the case.  *Docket Report for First Action*, attached hereto as **Exhibit D**.

Despite having the funds to bring their account current, Plaintiffs choose to remain in default. Complaint at ¶ 49.  Accordingly, Chase rescheduled a foreclosure sale for August 22, 2017.

3

*Complaint* at ¶ 38.  On August 21, 2017, Plaintiffs filed this action in the Providence County Superior Court.  *See Complaint*.  Chase removed the matter to this Court and now move to dismiss the Complaint.

## III.  STANDARD OF REVIEW

### A.  <u>Lack of Standing under Fed. R. Civ. P. 12(b)(1)</u>

Rule 12(b)(1) permits a defendant to challenge a plaintiff's standing to bring an action.  In considering whether to dismiss a complaint for lack of standing, the court must "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor."  *Katz v. Pershing, LLC*, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotations omitted).  The plaintiff has the burden to plead facts to demonstrate standing; the plausibility standard under Rule 12(b)(6) applies to standing determinations at the pleadings stage.  *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016).  The court may consider exhibits and other documents outside the pleadings on a Rule 12(b)(1) motion.  *Gonzalez v. United States*, 284 F.3d 281, 288 (1st Cir. 2002).  Because "the existence of injury in fact is a legal question invoking Article III of the Constitution, [it is] properly contested by a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)."  *Vangel v. Aul, D.R.I.*, No. CA 15-43L (June 19, 2015).

### B.  <u>Failure to State a Claim under Fed. R. Civ. P. 12(b)(6)</u>

A defendant is entitled to relief under Rule 12(b)(6) where a complaint fails to make factual allegations sufficient to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "Because a Rule 12(b)(6) motion calls for an assessment of the merits of the case at an embryonic state," facts pleaded in the complaint are viewed in "the light most favorable to the movant" and all inferences are drawn in the plaintiff's favor.  *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 38, 44 (1st Cir. 2008).  In making a Rule 12(b)(6)

determination, the "court may also consider 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008) (*quoting In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 20 (1st Cir.2003).

The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" and must assert more than a "possibility" of relief and instead demonstrate that entitlement to relief is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 554-557 (2007). "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.   ARGUMENT

Plaintiffs' Complaint against Chase must be dismissed where: (1) Plaintiffs lack standing where they fail to identify any legally-cognizable damages; and (2) the Complaint fails to plausibly set forth any colorable claim for relief under the legal theories they advance.

### A.   **Plaintiffs' Complaint Must be Dismissed for Lack of Standing.**

Simply making "an allegation that someone has failed to meet some legal requirement, without more, is insufficient to confer Article III standing." *Katz v. Pershing, LLC*, 672 F.3d 64, 78 (1st Cir. 2012) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 558–59 (1992)).   Standing requires that "a plaintiff must allege injury in fact, that is, facts establishing that the plaintiff personally suffered harm." *Vangel v. Aul, D.R.I.*, No. CA 15-43L (June 19, 2015) (*citing Id.*).

Here, Plaintiffs allege breach of contract and a breach of the covenant of good faith and fair dealing based on (i) Chase's alleged failure to send mediation notices as required by R.I.G.L. § 37-

27-3.2(d), and (ii) the mailing of a default notice to Plaintiffs' counsel.  *Complaint* at ¶¶ 22-27; 32, 33.  There is no allegation that a foreclosure sale occurred, nor is there any allegation that a foreclosure sale has been scheduled.  Thus, no harm or injury has occurred.  Plaintiffs were able to bring an action to stop a foreclosure sale from occurring, twice.  Plaintiffs' do not dispute that they received the notices Chase sent.  Instead, they claim to be harmed by the mere fact that these notices were sent to their attorney.  There is no claim that Plaintiffs missed an opportunity to cure their default or participate in mediation.  Plaintiffs were aware of their default at the time of the First Action, and (as evidenced by their allegations in their first complaint) understood the steps needed to cure the default.  Further, the Mediation Certificate issued by Rhode Island indicates that the mediator tried on two separate occasions to contact Plaintiffs and that they still failed to respond or appear at mediation.[3]

To the extent that Plaintiffs allege that they have been harmed by fees have been added to their account, those fees and charges are permitted under the terms of the Mortgage contract. Moreover, there is nothing in the Mortgage that says there must be a notice mailed to the home prior to adding any fees or charges.   Similarly, there is no requirement that notices can *only* be mailed to Plaintiffs' home address.  Consequently, there is no cognizable harm Plaintiffs could have suffered as a result of Chase mailing certain notices to their attorney.

Further, the claim that Plaintiffs suffered damages in the form of legal fees is equally without merit.  Rhode Island "steadfast[ly] adhere[s] to what is called 'the American Rule:' generally, each litigant is expected to pay its own attorneys' fees, unless a statute or a contractual provision mandates

---

[3] Reference to the Rhode Island Housing mediation certificate is appropriately included where a motion under Rule 12(b)(1) "permits the court to go beyond the complaint and consider facts in an affidavit or motion to amend as 'further particularized allegations of fact deemed supportive of plaintiff's standing.'" *Vangel v. Aul*, D.R.I., No. CA 15-43L (June 19, 2015) (*quoting McInnis–Misenor v. Me. Med. Ctr.*, 319 F .3d 63, 67 (1st Cir.2003)); *Gonzalez v. United Stat*es, 284 F.3d 281, 288 (1st Cir.2002).

a different allocation." *Nunes v. Meadowbrook Dev. Co.*, 24 A.3d 539, 542–43 (R.I. 2011) (*quoting*

*Moore v. Ballard*, 914 A.2d 487, 489 (R.I.2007)); (*citing Napier v. Epoch Corp.*, 971 A.2d 594, 598

n. 4 (R.I. 2009) ("[L]itigants generally are responsible for their own attorneys' fees and costs.");

*Mullowney v. Masopust*, 943 A.2d 1029, 1035 n. 6 (R.I. 2008)).

Consequently, where Plaintiffs failed to plead any injury-in-fact in the Complaint, they fail the

threshold test of establishing standing.  Plaintiff's Complaint must therefore be dismissed.

### B.  <u>Plaintiffs' Claim for Breach of Contract Must be Dismissed.</u>

Plaintiffs' first cause of action sounds in contract.  Plaintiffs allege Chase breached the terms

of the Mortgage by mailing an acceleration warning and notice of mediation to their attorney.

Complaint at ¶¶ 11-20.  To prevail on a breach of contract claim, a plaintiff must prove: (1) the

existence of a contract, (2) the breach of that contract, and (3) that the defendant's breach thereof

caused the plaintiff's damages.  *Fogarty v. Palumbo*, 163 A.3d 526, 541 (R.I. 2017) (*citing Petrarca

v. Fidelity and Casualty Insurance Co.*, 884 A.2d 406, 410 (R.I. 2005)).  "Contract interpretation

presents, in the first instance, a question of law, and is therefore the court's responsibility." *Fashion

House, Inc. v. K mart Corp.*, 892 F.2d 1076, 1083 (1st Cir.1989); *Beacon Mut. Ins. Co. v. St. Paul

Mercury Ins. Co.*, 7 F. Supp. 3d 155, 161–62 (D.R.I. 2014).

1.  <u>The Complaint Fails to Identify Facts Which, if True, Would Constitute a Breach of the
Mortgage Contract.</u>

The purported "breach" of the Mortgage on which Plaintiffs base their claim is that Chase sent

a default notice and mediation notice to their attorney's office.  *Complaint* at ¶¶ 11, 26.  Plaintiffs

allege that they did not provide a prior written authorization to Chase, a requirement they assert was

required prior to sending notices to their attorney.  *Complaint* at ¶ 15.  Plaintiffs' claim must fail,

however, where there is no language in the Mortgage to support Plaintiffs' position that sending

notices to their attorney is disallowed.  *See generally*, Mortgage.  Contrary to Plaintiffs' position, the

7

simple act of sending a notice to Plaintiffs' counsel is not prohibited by the Mortgage. *Id.* The Mortgage only requires that notice be sent to borrowers *before* conducting a non-judicial foreclosure.[4] Here, no foreclosure sale took place. Accordingly, where the conduct alleged by the Plaintiffs is not prohibited by the terms of the Mortgage, there cannot be a breach of the Mortgage.

2. Plaintiffs' Breach of Contract Claim Must be Dismissed Where it Fails to Allege Cognizable Damages.

A plaintiff alleging a claim for breach of contract cannot prevail unless he proves damages. *See Chrabaszcz v. Johnston Sch. Comm.*, 474 F. Supp. 2d 298, 309 (D.R.I. 2007) ("an element of a breach of contract claim is proof of damages"). As discussed, *supra* at 5-7, Plaintiffs fail to allege any legally-cognizable harm suffered by Chase's alleged conduct. Thus, even if sending a default notice to Plaintiffs' attorney rather than to their home address is a breach of the Mortgage, where there has been no foreclosure sale, Plaintiffs suffered no damages. So, Plaintiffs' claim for breach of contract must be dismissed.

**C. Plaintiffs' Claim for Breach of Covenant of Good Faith and Fair Dealing Must be Dismissed.**

Plaintiffs' second cause of action alleges that Chase breached the covenant of good faith and fair dealing by mailing the default notice and notice of mediation to Plaintiffs' counsel prior to scheduling the August 2017 foreclosure sale. Complaint at ¶¶ 28-36.

There is an "implied covenant of good faith and fair dealing between parties to a contract so that contractual objectives may be achieved." *Fleet Nat'l Bank v. Liuzzo,* 766 F.Supp. 61, 67 (D.R.I. 1991) (*quoting Ide Farm & Stable, Inc. v. Cardi,* 110 R.I. 735, 739, 297 A.2d 643 (1972)). The applicable standard in determining whether one has breached the implied covenant of good faith and fair dealing is whether or not the actions in question are free from arbitrary or unreasonable conduct.

---

[4] Again, while not relevant at this stage, Chase disputes Plaintiffs' assertion that a default notice or mediation notice was never sent to their home address.

*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 66 F. Supp. 2d 317, 329 (D.R.I. 1999), *S.C.*, 217 F.3d 8 (1st Cir. 2000) (*citing Thompson Trading, Ltd. v. Allied Breweries Overseas, Trading, Ltd.,* 748 F.Supp. 936, 942 (D.R.I.1990) (*citing Psaty & Fuhrman, Inc. v. Housing Authority of Providence,* 76 R.I. 87, 92, 68 A.2d 32 (1949)); *Landry v. Farmer,* 564 F.Supp. 598, 611 (D.R.I. 1983) (Pettine, J.) (holding that defendant's actions did not breach the implied covenant of good faith and fair dealing because such actions were based on legitimate business considerations)).

"This Court has recognized that while every breach of the implied covenant may give rise to a breach of contract claim, not every breach of contract is necessarily a breach of the implied covenant of good faith and fair dealing." *Ross-Simons of Warwick, Inc.*, 66 F. Supp. at 330 (D.R.I. 1999) (1st Cir. 2000) (*citing* 17A Am.Jur.2d Contracts § 380 (1991)). "This is because the implied covenant of good faith and fair dealing is a counterpromise implied in every contract that the promisee will act in a manner consistent with the purposes of the contract." *Id.* "A party may breach the implied covenant of good faith and fair dealing without violating an express term of the contract [because] [t]he implied covenant is designed to protect the spirit of an agreement when, without violating an express term of the agreement, one side uses oppressive or underhanded tactics to deny the other side the fruits of the parties' bargain." *Trombley v. Bank of Am. Corp.*, 675 F. Supp. 2d 266, 271 (D.R.I. 2009) (interpreting Delaware law and quoting *PAMI–LEMB I Inc. v. EMB–NHC, L.L.C.*, 857 A.2d 998, 1016 (Del.Ch.2004)).

Here, the Complaint fails to make any plausible allegation that Chase acted in a manner that was not "consistent with the purposes of the contract." Plaintiffs admit they are in default of the Note and Mortgage, and Chase did not begin any of the challenged conduct prior to Plaintiffs' default. *See FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 101 (1st Cir. 2009) (In analyzing a case from the

3387888.1

District of Massachusetts, the First Circuit held that "when the borrower is in default, that necessarily alters the contours of the covenant of good faith and fair dealing.")

The clear purpose of the notice requirement contained in Paragraph 22 of the Mortgage is to ensure that Plaintiffs are properly notified of their rights prior to a mortgagee commencing a non-judicial foreclosure sale.  By sending notices to Plaintiffs' counsel directly, there was no bad faith or unfairness on Chase's part.  Indeed, the very existence of both this matter and the First Action demonstrates that Plaintiffs were able to consult with counsel and assert whatever rights they believe they are entitled to under the Mortgage.  The Complaint falls far short of charging conduct that is underhanded, oppressive, or at odds with the spirit of the agreement.

Plaintiffs do not allege any fact which, if true, would entitle them to relief under Count II. Consequently, Plaintiffs' claim for breach of the covenant of good faith and fair dealing must be dismissed for failure to state a claim.

### D. Plaintiffs' Request for Injunctive Relief Must be Denied.

Plaintiffs' third cause of action sought injunctive relief to prevent Chase from conducting a foreclosure sale on August 22, 2017.  This sale did not occur, and no sale has been rescheduled. Accordingly, Count III of the Complaint must be dismissed as moot as it fails to meet "the threshold issue of justiciability."  *City of Cranston v. R.I. Laborers' Dist. Counsel Local 1033*, 960 A.2d 529, 533 (R.I. 2008).  Although the Rhode Island Constitution does not limit judicial review to actual cases and controversies, *State v. Lead Industries Association,* 898 A.2d 1234, 1237 (R.I. 2006), courts have long recognized that the nature of judicial power warrants the general policy against answering "moot, abstract, academic, or hypothetical questions."  *Morris v. D'Amario,* 416 A.2d 137, 139 (R.I. 1980).  Indeed, because the "'whole idea of judicial power' is entailed within the concept of courts applying laws to cases and controversies within their jurisdiction," a court's judicial power is at its

"weakest ebb" when acting upon a moot question. *Sullivan v. Chafee,* 703 A.2d 748, 752 (R.I. 1997). A once fully-justiciable case may become moot when "events occurring after the filing have deprived the litigant of an ongoing stake in the controversy." *City of Cranston,* 960 A.2d 529 at 533 (*quoting Seibert v. Clark,* 619 A.2d 1108, 1110 (R.I. 1993)).

Here, Chase cancelled the August 2017 foreclosure sale. Thus, to the extent Plaintiffs seek damages or other reliefs beyond preventing the foreclosure, Plaintiffs do not state any colorable claim for which relief can be granted. *See Vieira v. RE Money Bank et al.*, PC 2009-4334 (April 18, 2013) (Rubine, J.) (holding allegations regarding defective notice of foreclosure sale moot given that foreclosure sale was cancelled); *Martins v. Federal Housing Finance Agency, et al.*, 2016 WL 5921770 (D.RI. 2016) (following rescission of nonjudicial foreclosure sale, granting motion to dismiss where borrower alleged that a mortgagee and servicer "violated a number of her rights by foreclosing upon her home by failing to provide her adequate notice of their non-judicial foreclosure and her contractual right to proper notice pursuant to her mortgage," finding borrower has "not established that the harm she seeks to prevent is 'certainly impending'"); *Nash v. GMAC Mortgage, LLC*, 2011 WL 2470645 (D.RI. 2011) (holding that cancelled auction foreclosure sale, without rescheduled date, was enough to render request for injunction moot); *Frangos v. Bank of America, NA*, 826 F.3d 594 (1st Cir. 2016) (affirming grant of summary judgment in favor of defendants, finding that because foreclosure had been cancelled, borrowers could not make necessary showing that they would suffer irreparable harm absent injunctive relief).

The First Circuit concluded a request for an injunction is mooted once a foreclosure sale is cancelled. Just as Plaintiffs did here, in *Frangos*, mortgagors filed suit on the eve of a foreclosure sale and obtained a preliminary injunction barring the sale from moving forward. *Id.*, 826 F.3d 594 (1st Cir. 2016). Although the foreclosure proceedings were later cancelled, the lawsuit remained

pending.   After the lawsuit was removed to federal court, borrowers sought injunctive relief and

damages based on breach of a provision in the mortgage agreement obligating the lender to provide

borrower with a detailed notice of default and right to cure prior to foreclosing.   The First Circuit

Court of Appeals affirmed the entry of summary judgment in favor of defendants, holding:

> [T]he Frangoses' enumerated bases for reversal are without merit. For one, the
> Frangoses' claim that the district court erred by denying their request for a permanent
> injunction.  The Frangoses contend that they are entitled to such an injunction because
> a foreclosure might occur at any time even though the defendants have not yet
> complied with the notice requirements contained in the mortgage agreement.
>
> This argument, however, overlooks the undisputed fact that the foreclosure
> commenced in 2011 was cancelled. . . . .

*Id*. at *1-2.

Courts around the country have also held that the rescission or cancellation of a non-judicial

foreclosure sale prior to the sale date renders moot any claims relating to the adequacy of notice.  *See,*

*e.g., Coley v. Accredited Home Lenders, Inc*., 2011 WL 1193072 (W.D. Mo. October 31, 2012)

("[w]hether the Notice of Default was valid is moot because the nonjudicial foreclosure sale

described in the notice was cancelled."); *Ames v. JPMorgan Chase Bank, N.A*., 298 Ga. 732, 738 at

fn. 5 (2016) ("[t]hus, the superior court in this case did not reject for lack of standing the Ameses'

claims against Chase regarding notice of the planned foreclosure sale, but rather found those claims

to be moot because the sale had been cancelled and alternatively denied them on the merits.");

*Rafferty v. Chase Manhattan Mortg. Corp*., 152 F.3d 928 (9th Cir. 1998) (holding an appeal of an

order dismissing an improper non-judicial foreclosure claim was moot because defendants rescinded

the non-judicial foreclosure proceedings); *Sakugawa v. MERS*, 2011 WL 776051 (D. Hawaii

February 25, 2011) (granting defendant's motion to dismiss plaintiff's improper foreclosure claims on

mootness grounds because defendant rescinded the notice of foreclosure and instituted judicial

foreclosure proceedings); *Fisher v. MERS*, 2011 WL 7024965 (D. Or. October 26, 2011) (granting

motion to dismiss on mootness grounds where defendant rescinded notice of sale and filed judicial foreclosure).

The allegations in the Complaint do not present any factual basis which separates the instant case from *Frangos*, or any of the other similar cases from across the country.  The cancellation of the August 2017 foreclosure sale rendered Plaintiffs' claim for injunctive relief moot.  As such, there is no relief to which Plaintiffs are entitled.  Plaintiffs request for injunctive relief must be rejected and the Complaint must be dismissed.

## IV.     CONCLUSION

WHEREFORE, for the reasons set forth above, the Defendant JPMorgan Chase Bank, N.A., respectfully request this Honorable Court:

A.     Dismiss the Complaint with prejudice;

B.     Enter Judgment in Chase's favor;

C.     Order Plaintiffs to pay Chase's costs and fees; and

D.     Grant such other relief as may be just and proper.

Respectfully Submitted,

**PARKER IBRAHIM & BERG LLC**
*Attorneys for Defendant,*
JPMORGAN CHASE BANK, N.A.

*/s/ Matthew J. Libby*
Matthew J. Libby, BBO# 9558
One Financial Center, 15th Floor
Boston, MA 02111
Phone: 617.918.7600
Facsimile: 617.918.7878
Email: matthew.libby@piblaw.com

Dated: October 20, 2017

13

3387888.1

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of October, 2017, the foregoing document was filed through the CM/ECF system.  The document will be sent electronically to the registered participants, and paper copies will be served via first class mail on those indicated as non-registered participants.


*/s/ Matthew J. Libby*_____
Matthew J. Libby

14