Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:16:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 1 of 11 PageID #: 78

STATE OF RHODE ISLAND　　　　　　SUPERIOR COURT
PROVIDENCE, SC

ROBERT CARVER
LINDA CARVER

  VS.

JPMORGAN CHASE BANK, N.A.

**COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING AND INJUNCTIVE RELIEF**

  Plaintiffs, by their attorney, complaint of Defendants as follows:

1. Plaintiffs are residents of the State of Rhode Island with an address of 15 South River Street, Narragansett, Rhode Island. Plaintiffs own said real estate located at 15 South River Drive, Narragansett, Rhode Island and reside at this property with their two children.

2. Plaintiffs executed a mortgage to Chase Manhattan Mortgage Corporation, on August 25, 1997. A copy is attached as Exhibit A.

3. Defendant, JPMorgan Chase Bank, N.A. ("Chase") claims to be the current loan servicer for Plaintiffs' loan. It is a loan servicer and is a National Bank.

4. Chase, effective May 2, 2016 claims to own Plaintiffs' mortgage and note.

5. Harmon Law Offices, P.C. ("Harmon") is a law firm located in the state of Massachusetts. It claims to represent Chase.

6. Harmon has scheduled a foreclosure sale for Plaintiffs' home on October 20, 2016 supposedly on behalf of Chase as indicated by Exhibit B.

7. Harmon and Chase have not sent Plaintiffs a notice pursuant to the provisions of paragraph 22 of their mortgage and have not accelerated the

1

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:12 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 2 of 11 PageID #: 79

note. Plaintiffs have never been sent a default notice from the owner of the note or any entity, which was mailed to their address of 15 South River Drive, Narragansett, Rhode Island 02882.

8. Before an acceleration of the loan was declared, the Lender was required to send Plaintiffs a notice to Plaintiffs' home address which specified:

    a. the default;

    b. the action required to cure the default, stating a date, not less than 30 days from the date the default must be cured;

    c. that failure to cure the default on or before the date specified in the Notice may result in the acceleration and sale of their home

    d. the right to bring a court action to asset the non-existence of a default of Borrower to acceleration and sale.

9. Paragraph 22 of Plaintiffs' mortgage, which contains conditions for the exercise of the statutory power of sale, reads as follows:

**Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies**

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:16:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 3 of 11 PageID #: 80

**provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

10. The provisions in paragraph 22 of the mortgage were a condition precedent to the exercise of the power of sale of the mortgage. There was no compliance with the terms of the mortgage to exercise the statutory power of sale as indicated above.

11. Any alleged exercise of the statutory power of sale to Plaintiffs is defective because a default notice and a valid acceleration notice were never sent as required by paragraph 22 of the mortgage. A copy of the only alleged default notice, dated April 12, 2016, which was mailed to 1200 Reservoir Avenue, Cranston, Rhode Island 02920, is attached as Exhibit C.

12. This purported default letter was sent to Plaintiffs' attorney attached to this affidavit as Exhibit C. However this was not mailed to or received by Plaintiffs at their home.

13. Paragraph 14 of Plaintiffs' mortgage requires that any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.

14. Paragraph 14 of Plaintiffs' mortgage also requires that the Notice shall be the Property Address unless Borrower has designated a substitute notice address by notice to the lender. Plaintiffs never designated a change of address to the lender or to any entity.

3

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:18:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 4 of 11 PageID #: 81

15. Plaintiffs have never indicated to Chase or anyone that the address for notices to be sent to them was 1200 Reservoir Avenue, Cranston, Rhode Island 02920.

16. This letter did not specify the actual amount due on Plaintiffs' mortgage and indicated that a call had to be made to determine the amount due. It also did not indicate that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. Instead this notice, which was not sent to Plaintiffs, stated that if the default was not payed it could commence foreclosure proceedings, with no mention of a sale pursuant to the statutory power of sale.

17. Plaintiffs never received a Notice of Mediation pursuant to R.I.G.L. 23-27-3.2. Chase has never sent Plaintiffs such a notice at their address.

18. R.I.G.L. 34-27-3.2(d), provides:

(d) The mortgagee shall, prior to initiation of foreclosure of real estate pursuant to § 34-27-4(b), provide to the mortgagor written notice at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices, that the mortgagee may not foreclose on the mortgaged property without first participating in a mediation conference. Notice addressed and delivered as provided in this section shall be effective with respect to the mortgagor and any heir or devisee of the mortgagor.

19. Plaintiffs have never designated 1200 Reservoir Avenue, Cranston Rhode Island 02920 as the address designated as the address for receipt of notices pursuant to R.I.G.L 34-27-3.2.

20. As a result of this failure to comply with R.I.G.L 34-27-3.2, Chase cannot exercise the statutory power of sale and conduct a foreclosure sale on their property.

## COUNT I
## BREACH OF CONTRACT

21. Paragraphs 1- 20 are incorporated by reference.

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:16:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 5 of 11 PageID #: 82

22. Paragraph 22 of the mortgage provides that the Lender must send a notice of default which contains specific language as a condition precedent to acceleration and sale.

23. Plaintiff never received any a default letter, pursuant to the terms of the mortgage from the lender or owner of the note or the mortgage or an agent indicating that it was acting on behalf of the lender or owner of the note and the mortgage.

24. No alleged default notice was mailed to the Plaintiffs at their home address.

25. Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Plaintiffs' property. This action constituted a breach of contract, resulting in damages to the Plaintiffs, who hired an attorney to commence this case.

26. Pursuant to Rhode Island Law and the terms of the mortgage and the Statutory Power of Sale can only be exercised if a mortgagee accelerates the mortgage after a proper default notice pursuant to the terms of the mortgage.

27. The failure of the Defendant to comply with the terms of the loan modification agreement constitutes a breach of the contract.

WHEREFORE, Plaintiffs demand the following relief:

    a. Damages against Chase for failure to comply with the terms of the mortgage.

    b. Damages against Chase for legal fees and damages arising from the breach of contract.

    c. Legal fees from Chase pursuant to the provisions of R.I.G.L § 9-1-45.

    d. Damages for charges to their mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice.

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 10:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 6 of 11 PageID #: 83

e.  All other just and proper relief.

ROBERT CARVER
LINDA CARVER

By their Attorney

October 19, 2016

/s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
jbelaw@aol.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING

28. Paragraphs 1-27 are incorporated by reference.

29. The mortgage contract between Plaintiffs and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

30. The mortgage contract in paragraph 22 incorporates the Rhode Island Statutory Power of Sale.

31. The Statutory Power of Sale could only be invoked by sending Plaintiffs the following documents:

a.  A default letter pursuant to the term of the mortgage was required to be sent by the lender to the mortgagors at their home address

6

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:16:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 7 of 11 PageID #: 84

      b.    A subsequent acceleration letter from the lender to the Plaintiffs was required to be sent after a default letter.

      c.    A Notice of Mediation pursuant to R.I.G.L 34-27-3.2 had to mailed to the plaintiffs at their home address.

32.    Chase violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of the terms of the mortgage by seeking to exercise the statutory power of sale without the lender having first sent a default notice to the Plaintiffs pursuant to the term of the mortgage and a subsequent acceleration notice on behalf of the lender pursuant to the terms of the mortgage.

33.    Chase violated the covenant of good faith and dealing by scheduling a foreclosure sale in violation of R.I.G.L. 34-27-3.2 without having first sent a Notice of Mediation to the Plaintiffs at their home address.

34.    The failure to send a default letter and Notice of Mediation pursuant to the terms of the mortgage and R.I.G.L. 34-27-3.2 were actions taken contrary to the contractual and statutory obligations of the parties.

35.    As a result, Plaintiffs have incurred the following damages:

      a.    They have incurred the cost of filing this action in the form of filing fees and service fees, incurred in order to stop the foreclosure, which was in violation of the terms of the mortgage and R.I.G.L 34-27-3.2

      b.    Their mortgage loan account has been charged fees and costs which were not permitted without a valid default letter and a Notice of Mediation being sent to them at their home.

      c.    They have incurred attorney fees and costs to obtain an injunction to stop the illegal foreclosure.

      d.    She has incurred attorney fees and costs for the prosecution of this action.

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:14:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 8 of 11 PageID #: 85

36. The conduct of Chase was willful, wanton and reckless, warranting the imposition of punitive damages. It ignored the clearly stated terms of the mortgage and R.I.G.L 34-27-3.2 but instead went forward and sought to exercise the statutory power of sale without a valid default notice and mediation notice having been sent to the Plaintiffs.

WHEREFORE, Plaintiffs demand the following relief:

a. Damages against Chase for failure to comply with the terms of the mortgage.

b. Damages against Chase for legal fees and damages arising from the breach of contract.

c. Legal fees from Chase.

d. Damages for charges to their mortgage loan account which has been charged fees and costs which were not permitted without a valid default notice and a mediation notice

e. Damages for punitive damages

f. All other just and proper relief.

ROBERT CARVER
LINDA CARVER

By their Attorney

October 19, 2016

/s/ John B. Ennis
JOHN B. ENNIS, ESQ., #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
jbelaw@aol.com

8

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 8:52 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 9 of 11 PageID #: 86

# COUNT III
# INJUNCTIVE RELIEF

37. Paragraphs 1-36 are incorporated by reference.

38. Plaintiffs will be irreparably harmed if the foreclosure sale on October 20, 2016 occurs and their home is sold.

39. Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

40. The failure of the Defendants to comply with paragraph 22 of the mortgage and R.I.G.L 34-27-3.2 renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiffs have a substantial likelihood of success.

41. Likewise a foreclosure of Plaintiffs' property by a party not entitled to foreclose on the property will cause Plaintiffs irreparable harm, which hardship is greater than any hardship, which may be claimed by Defendants.

42. Such relief sought by Plaintiffs will not disserve the public interest if imposed.

43. This property is Plaintiffs' home, where they live with their children.

44. Plaintiffs will be irreparably harmed if the foreclosure sale on October 20, 2016 by Chase proceeds and their home is sold. Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

45. The failure of the Defendant to comply with paragraph 22 of the mortgage and R.I.G.L 34-27-3.2 renders any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability. This demonstrates that Plaintiffs have a substantial likelihood of success. Likewise a foreclosure of Plaintiffs' property by a party not entitled to foreclose on the property will cause

9

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 9:16:17 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 10 of 11 PageID #: 87

Plaintiffs irreparable harm, which hardship is greater than any hardship, which may be claimed by defendants. Such relief sought by Plaintiffs will not disserve the public interest if imposed.

46. The principal balance of Plaintiffs' mortgage is $55,275.24 and the alleged arrearage effective September 16, 2016 is $8419.18.

47. The assessed value of Plaintiffs' home is $239,400.00. Thus Plaintiffs have more than $180,000.00 of equity in their home.

48. Plaintiffs had financial difficulties and went behind on their mortgage, which they are able to cure.

49. Linda Carver has more than $50,000.00 in her 401K account, which she will access to pay the arrearage. However, she needs additional time to obtain these funds.

WHEREFORE, Plaintiffs demand that this Court:

a. Grant a Temporary Restraining Order and Preliminary Injunction Restraining and Enjoining Chase and any other entity, acting on their behalf, from conducting a foreclosure sale at 15 South River Drive, Narragansett, Rhode or continuing or advertising a foreclosure sale, pending a hearing on a Preliminary Injunction

b. Preliminarily and Permanently Restrain and Enjoin Chase and any other entity, acting on its behalf, from conducting a foreclosure sale at 15 South River Drive, Narragansett, Rhode Island without sending the Plaintiffs a default notice and mediation notice as required by the terms of the mortgage. And R.I.G.L 34-27-3.2.

c. Grant all other just and proper relief.

Case Number: PC-2016-4854
Filed in Providence/Bristol County Superior Court
Submitted: 10/19/2016 9:16:17 AM
Envelope: 796070
Reviewer: Lynn Gaulin

Case 1:17-cv-00433-WES-LDA   Document 3-4   Filed 10/20/17   Page 11 of 11 PageID #: 88

                                      ROBERT CARVER
                                      LINDA CARVER
                                      By their Attorney

October 19, 2016                      /s/ John B. Ennis
                                      JOHN B. ENNIS, ESQ. #2135
                                      1200 Reservoir Avenue
                                      Cranston, Rhode Island 02920
                                      (401) 943-9230
                                      jbelaw@aol.com

Plaintiffs demand a Trial by Jury